BOUTALL, Judge.
This is a case concerning the paternity of two illegitimate children and the obligation of the alleged natural father to support them.
This case was begun as a suit for separation from bed and board filed by Sharon Legendre against Harold Anthony Rowbat-ham, Sr., alleging they were married on January 10, 1966, and that two children were born of the marriage, Kelly Lynn Rowbatham, born on April 14, 1968, and Stacy Jeanne Rowbatham, born on April 1, 1969. Ancillary to that suit was a suit for alimony and child support. Subsequent proceedings revealed that at the time of the alleged marriage, Rowbatham was already married to Dolores Babin. A series of legal maneuvers ensued with the final result that Sharon Legendre dismissed all of her claims against Rowbatham, leaving before the court only the issue of the paternity of the two children and the necessity for their support.
After the hearing, the trial judge decided that Rowbatham was the natural father of the two children, but because the blood *878 tests authorized by R.S. 9:396 established that Rowbatham was not the father of the younger child Stacy, the trial judge concluded that R.S. 9:397.2 required him to rule that Rowbatham was not the father of Stacy. Accordingly, he decreed Rowbatham to be the father of Kelly Lynn and fixed alimony in the amount of $1,000 per month for his support. Rowbatham then filed this appeal contending that he was not the natural father of Kelly Lynn and that the amount of support was improper. After the appeal was lodged in this court, the attorney for Sharon Legendre was permitted to withdraw from the case upon allegations that he was unable to contact his client since the appeal was taken, and she had apparently left the state. Upon his recommendations, we appointed an attorney at law as curator to represent the interests of the children. The curator soon thereafter filed an answer to the appeal on behalf of Stacy seeking to have us review the decision of the trial court decreeing Stacy not to be Rowbatham’s child.
Rowbatham has filed a motion to dismiss this answer because it was filed too late under the provisions of Code of Civil Procedure Article 2133. That article requires the answer to the appeal be filed not later than 15 days after the return day or the lodging of the record, whichever is later. By the time counsel for appellee withdrew, that period was long since past, and we know of no way in which it can be revived. Accordingly, we grant the motion to dismiss the answer to the appeal, and thus do not consider any issues raised on behalf of Stacy Jeanne Rowbatham.
We agree with the finding of the trial judge that Harold Anthony Rowbat-ham is the natural father of Kelly Lynn Rowbatham. Blood tests were conducted under the authority of R.S. 9:396 et seq., and the two doctors who conducted them concluded that the blood tests show the possibility of Rowbatham’s paternity. Their findings are supported by additional evidence in the form of testimony and several documents. See Louisiana Civil Code Article 209. The documents alluded to are Rowbatham’s 1975 and 1976 U.S. Income Tax Returns, a Master Charge Credit card application and a loan application. These documents indicate that Rowbatham was treating the two children of Sharon Legendre as his children. Additionally, we point to the fact that Sharon Legendre produced a certificate of marriage between her and Rowbatham dated several years prior to the birth of the children, and when the parties had a severe disagreement in September, 1973, Sharon gave up their custody to Row-batham and addressed a letter describing herself as the “natural mother of Kelly and Stacy Rowbatham” giving up her custody to their “lawful and natural father, Harold Anthony Rowbatham”. What is significant about this letter is that Rowbatham took the letter and the children to his legal wife Dolores, and placed the children with her for their care.
In considering the testimony, we note that Rowbatham admitted the following facts: 1.) He lived together off and on for the last 12 years with Sharon Legendre; 2.) he listed Kelly and Stacy as dependent children in his tax return; 3.) he was aware that Kelly and Stacy carried his surname Rowbatham as their own; 4.) he admitted he probably told other people Kelly and Stacy were his children; 5.) he contributed to the support of Kelly and Stacy since their birth; and 6.) he paid tuition for the children at Catholic Schools. Additionally, in answers to requests for admission, Row-batham admitted that he carried them as dependents under his Blue Cross Hospitalization policy.
Sharon Legendre testified that the children were indeed the children of Rowbat-ham with whom she cohabited and had intercourse over a long period of years, and especially during the time of conception. She testified that Rowbatham always considered the children as his, and contributed to their support and wellbeing. Both children called Rowbatham “daddy” and he treated them as a father ordinarily would. Her testimony is supported by the testimony of other witnesses who testified that there was a mother-father-child relation *879 ship between Sharon, Rowbatham and the children.
Accordingly, we conclude that there is sufficient proof to show that Harold Row-batham is the natural father of Kelly Lynn Rowbatham.
The remaining issue is the necessity of support. Having been declared the child of Harold Rowbatham, Kelly has a right under Civil Code Article 242 to sue for the alimony provided in Civil Code Articles 240, 230 and 231. Kelly was 11 years of age at the time of trial, and has no independent estate, his only support coming from his parents. His mother Sharon is a welfare recipient and is unable to provide for Kelly. Row-batham’s yearly income is in excess of $77,-000 gross. The trial judge granted the amount of $1,000 per month as alimony for Kelly.
Although the sum of $1,000 per month appears quite generous, we cannot say that the trial judge is in error. The trial judge is given wide discretion in the fixing of alimony, and while perhaps we would not have granted quite so large an amount, nevertheless the evidence, particularly considering the testimony of need for medical services, can justify an award as made. We feel this to be especially true in this rather confusing case, being of the opinion that the children involved need as much court protection as can be legally granted.
Accordingly, the motion to dismiss the answer of Stacy Jeanne Rowbatham filed by the curator is granted, and the answer to the appeal is dismissed. On the merits of the appeal, the judgment of the trial court is affirmed.
Motion to dismiss answer granted. Judgment affirmed.